**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN DRUMHEISER, : | |
| : | Civil Action No. 14-5043(NLH) |
| Petitioner, : | |
| : | |
| v.  : | **MEMORANDUM OPINION** |
| : | |
| NEW JERSEY DEPARTMENT OF : | |
| CORRECTIONS, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES**

Steven Drumheiser
Southern State Correctional Facility
4295 Route 47
Unit 5
Delmont, NJ  08314
    Petitioner pro se

**HILLMAN,** District Judge

    Petitioner Steven Drumheiser, a prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding which resulted in the loss of 180 days of good-conduct time. Petitioner seeks leave to proceed in forma pauperis.

The Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petition must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account, and (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  See also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts[1] (requiring a habeas petitioner who desires to proceed in forma pauperis to accompany his affidavit with "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner

---

[1] Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, this Court may apply any or all of the Rules Governing § 2254 Cases to other types of habeas corpus petitions.  In any event, as discussed more fully below, this Petition is more properly construed as a § 2254 petition.

2

has in any account in the institution").[2]  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a).  Petitioner did submit an application for leave to proceed in forma pauperis; however, the application is deficient.  It includes a signed account certification form, the signature on which is illegible, but no actual account information as required by Local Civil Rule 81.2(b).  Accordingly, this Court will deny without prejudice the application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the required account certification, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for an account certification and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

---

[2] As set forth in Rule 3(a)(2) of the Rules Governing § 2254 Cases and Local Civil Rule 81.2(c), the obligation to provide the required certification is mandatory.

3

The Form of the Petition

Petitioner has submitted a Petition asserting jurisdiction under the general habeas corpus statute, 28 U.S.C. § 2241.  As a prisoner confined pursuant to the judgment of a state court, however, he must proceed under 28 U.S.C. § 2254, following exhaustion of his state remedies.  See 28 U.S.C. § 2254(a), (b)(1)(A).

Pursuant to Local Civil Rule 81.2:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus ... shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for Section 2254 petitions, i.e., "AO241 (modified):  DNJ-Habeas-008 (Rev. 01-2014)."

In addition, the Court notes its concern that Petitioner has not fully exhausted his state remedies before coming to federal court, as required by 28 U.S.C. § 2254(b)(1). Petitioner alleges that the challenged disciplinary proceeding was based on an infraction that occurred on July 30, 2014. Petitioner states that he appealed to the Administrator, see N.J. Adm. Code 10A:4-11.1, who denied relief on August 4, 2014, but does not state whether he has exhausted his state judicial remedies.  See, e.g., N.J. Ct. R. 2:2-3(a)(2) (permitting appeal, to the Appellate Division of the New Jersey Superior

4

Court, from final decisions of state administrative agencies), cited and construed in Brown v. Fauver, 819 F.2d 395, 397 (3d Cir. 1987) and Lewis v. Dept. of Corrections, 2010 WL 2011014 (N.J. Super. App. Div. May 18, 2010).  The Petition is dated August 5, 2014.  The one-day gap between the Administrator's denial of Petitioner's administrative appeal and the submission of this Petition compels the conclusion that Petitioner has not pursued any state judicial remedies.  Petitioner does not allege any facts suggesting that the state judicial appeal remedies are either unavailable or ineffective to protect his rights.

## CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.[3]  Petitioner will be granted leave to apply to re-open within 30

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Woodson v. Payton, 503 F. App'x 110, 112 n.3 (3d Cir. 2012) (citing both Houston and Burns); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

days by submitting a complete signed amended § 2254 habeas petition on the appropriate § 2254 form and by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.  In any amended petition, Petitioner must address the threshold question whether he has properly exhausted his state remedies as required by 28 U.S.C. § 2254(b)(1).

    An appropriate Order will be entered.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated:  August 14, 2014